IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COURTNEY SCOTT REED, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-06-0566 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Courtney Scott Reed, a state prisoner, petitions for a writ of habeas corpus under 28 U.S.C. § 2254. Reed challenges three state felony convictions for aggravated robbery. The respondent moves for summary judgment on the ground that the petition is time-barred. (Docket Entry No. 8). The respondent has submitted copies of the state court record in support of the motion. Reed has not filed a response.

Having considered the pleadings, the motion, the record, and the applicable law, this court grants the respondent's motion and, by separate order, enters final judgment. The reasons are set out below.

I.      **Background**

In June 2002, a state-court jury found Reed guilty of an aggravated robbery charge in three cases. (Cause Numbers 878127, 878130, and 891915). On June 7, 2002, the jury sentenced Reed to a twenty-year prison term in all three cases, to be served concurrently. The Fourteenth Court of Appeals of Texas affirmed Reed's convictions on July 31, 2003.

The Texas Court of Criminal Appeals refused Reed's petitions for discretionary review on March 10, 2004. Reed filed applications for state habeas corpus relief on June 13, 2005, which the Texas Court of Criminal Appeals denied without written order, on findings of the trial court, without a hearing, on February 15, 2006. *Ex parte Reed*, Application No. 63,016-01 at cover; *Ex parte Reed*, Application No. 63,016-02 at cover; *Ex parte Reed*, Application No. 63,016-03 at cover.

Reed, with the assistance of counsel, filed this federal petition on February 17, 2006. Reed contends that his convictions are void because his jury was selected from a venire panel that had no African-American members. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 2). The respondent moves for summary judgment, arguing that Reed filed his claims too late, because the statute of limitations had expired. Alternatively, the respondent argues that they lack merit.

## II. Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), sets a one-year statute of limitations for federal habeas corpus petitions. The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*, § 2244(d)(1)(A). Reed's conviction became final when the time for filing a petition for a writ of *certiorari* expired, ninety days after the Texas Court of Criminal Appeals denied review. Supreme Court Rule 13.1 (West 2002). The Texas Court of Criminal Appeals refused Reed's petitions for discretionary review on March 10, 2004. Reed's deadline for filing petitions for a writ of *certiorari* was June 8, 2004. The limitations period ended one year later, on June 8, 2005. Reed did not file this federal petition until February 17, 2006.

A properly filed application for state postconviction relief tolls limitations. 28 U.S.C. § 2244(d)(2) (West 1997). The one-year limitations period began on June 8, 2004. Reed waited 370 days, or until June 13, 2005, before filing his state habeas applications. The Texas Court of Criminal Appeals denied Reed's state habeas applications on February 15, 2006. When the Texas Court of Criminal Appeals denied Reed's state habeas applications, the one-year limitations period had already expired remained. The limitations period ended on June 8, 2005, but Reed waited until February 17, 2006 before filing his federal petition. Reed's state habeas applications did not toll the federal limitations period because they were filed after the limitations period had ended. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Reed may argue that his state applications were filed only five days after the limitations period ended, so he is entitled to equitable tolling. The AEDPA's one-year limitations period may be tolled on equitable grounds in rare and exceptional circumstances. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). A petitioner "is not entitled to equitable tolling" unless he "diligently pursue[s] his § 2254

relief." *Coleman*, 184 F.3d at 403. "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989).

In *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002), the Fifth Circuit considered a petitioner's argument that the court should apply equitable tolling because the petitioner missed the federal habeas filing deadline by only four days. In rejecting this argument, the Fifth Circuit stated:

> In past cases, we have focused on the reasons for missing the deadline rather than on the magnitude of the tardiness.[1] At the margins, all statutes of limitations and filing deadlines appear arbitrary. AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally. We consistently have denied tolling even where the petition was only a few days late.[2]

*Lookingbill*, 293 F.3d at 264-65. Under this argument, the fact that Reed missed the federal habeas deadline by five days is not a basis for equitable tolling.

---

[1] *Fisher*, 174 F.3d at 712, 715-16 (refusing to toll statute of limitations for seventeen days despite prisoner's confinement in psychiatric ward without access to glasses or legal materials); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (refusing equitable tolling where petitioner missed deadline by only a "few days"), *cert. denied*, 529 U.S. 1099.

[2] *Ott*, 192 F.3d at 512 (four days late); *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (two weeks late); *Fisher*, 174 F.3d at 712 (seventeen days late); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.) (twenty-one days late), *cert. denied*, 531 U.S. 1035.

Reed may also argue that his counsel's delay in filing the state habeas applications supports equitable tolling. Courts have rejected similar arguments based on counsel error. In *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002), the petitioner contended that because his counsel had failed to investigate the status of his petition for almost two years, limitations should not bar his late-filed claim. In *Cousin*, the Fifth Circuit observed that many courts had considered the question whether attorney error constitutes "rare and exceptional circumstances" and had held that it does not.[3] The Fifth Circuit found additional support for the proposition that attorney error did not trigger equitable tolling from the longstanding rule that prisoners are not entitled to counsel during habeas proceedings and cannot state a claim for ineffective assistance during those proceedings. The Fifth Circuit concluded:

> Following these cases, it seems evident that counsel's mistake does not warrant equitable tolling, particularly under the circumstances presented here, where counsel inexplicably waited for so long. A contrary holding would lead to perverse results, in that the procedural errors of trained attorneys would

---

[3] The Fifth Circuit referred to the following decisions: *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (holding that the death of the attorney's father two weeks before filing deadline did not constitute extraordinary circumstance for equitable tolling purposes); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (holding that attorney's confusion over applicability of § 2244(d)(1) did not justify equitable tolling), *cert. denied*, 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001); *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000) (holding that attorney's mistaken interpretation of § 2244(d) limitation provision did not justify equitable tolling); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) (holding that attorney's miscalculation of limitations period was not valid basis for equitable tolling); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (holding that untimeliness resulting from attorney's use of ordinary mail did not justify equitable tolling).

> be dealt with less harshly than would be mistakes by pro se litigants. Accordingly, we join the other circuits that have considered this issue and hold that mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified.

*Cousin*, 310 F.3d at 849. *See also, Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) ("A criminal defendant has a right to effective assistance of counsel on a first appeal as of right. An alleged violation of that right does not toll the AEDPA's statute of limitations."); *Moore v. Cockrell*, 313 F.3d 880 (5th Cir. 2002), *cert. denied*, 538 U.S. 969 (2003) (finding counsel's delay in notifying petitioner of the result of the direct appeal does not constitute a basis for equitable tolling).

Reed is not entitled to equitable tolling because of his counsel's errors. Reed does not identify any other grounds for equitable tolling and the record discloses none. *See, e.g., Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (finding that confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling when the alleged impediments to filing a federal petition were removed six months before the limitations period ended), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.) (finding that alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.) (finding that unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007 (1999).

Reed does not satisfy any of the exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented him from filing an application for federal habeas relief before the limitations period ended. 28 U.S.C. § 2244(d)(1)(B). Reed's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Reed's claims relate to the trial that occurred in June 2002. Reed has not shown that he did not know of the factual predicate of his claims well within the limitations period. 28 U.S.C. § 2244(d)(1)(D). Reed's delay in filing his state habeas applications also mitigates against the application of the tolling doctrine. *Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000).

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Christopher Village, L.P. v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The pleadings and state court records show that Reed's federal petition is untimely. The respondent is entitled to judgment as a matter of law.

## III. Conclusion

Respondent's Motion for Summary Judgment, (Docket Entry No. 8), is granted. Reed's petition for a writ of habeas corpus is denied. This case is dismissed with prejudice. All remaining pending motions are denied as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack,* 529 U.S. at 484). Reed has not made the showing necessary for issuance of a COA.

SIGNED on June 13, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge